McCann, John S., J.
INTRODUCTION
The plaintiff is represented by Alan M. Cohen, Law Office of Alan M. Cohen, LLC, 550 Worcester Road, Framingham, Massachusetts 01702. The original named bank Trustee filed an answer indicating no funds.[1] The three added bank Trustees (added without court approval) also filed an answer indicating no funds.[2]
FACTUAL BACKGROUND
The defendant Ryan Wagner a/k/a Ryan A. Wagner (Wagner) executed a Connecticut promissory note payable to the plaintiff Robin Sweeny (Sweeny). Wagner defaulted on the note. Sweeny obtained a judgment against Wagner in the State of Connecticut for twenty-nine thousand, four hundred ninety-one dollars and five cents ($29,491.05), State of Connecticut Superior Court, Judicial District of Hartford Docket No. HHDCV116021548S.
This present action is brought by Sweeny against Wagner in the Worcester Superior Court on a suit to enforce that foreign judgment from Connecticut. The complaint filed in this court had the following caption: “ROBIN SWEENY, Plaintiff v. RYAN WAGNER A/K/A RYAN A. WAGNER; and WAGNER & COMPANY, LLC, Reach and Apply Defendant; and DIGITAL FEDERAL CREDIT UNION, Trustee; and CARRIE S. BIALOGLOWY AND JESSICA M. BIALOGLOWY, Parties-in-Interest.”
The complaint was filed on April 23, 2013. In the complaint, counsel for Sweeny specifically named Digital Federal Credit Union Trustee and proposed no other suggested trustees. The matter initially came before this court on April 23, 2013 on an Ex Parte Motion for approval of attachment on trustee process naming only Digital Federal Credit Union.[3] This court was disinclined to allow an ex parte motion, but instead, ordered a short order of notice (SON) to issue. It was returnable seven days later on April 30, 2013. Presumptive service was made on Wagner at a purported last and usual address of 13 Birchwood Drive, Boylston, Massachusetts 01505.
The Ex Parte Motion of Sweeny as filed prayed as follows:
Now comes the plaintiff pursuant to Mass.R.Civ.P. 4.2(g) and moves this honorable court for approval ex parte of successive attachments, and for insertion of additional trustees pursuant to M.G.L.c. 246, §8 on, trustee process of funds belonging to the defendant Ryan Wagner A/K/A Ryan A. Wagner, with any other person or entity, in the hands of the trustee, DIGITAL FEDERAL CREDIT UNION . . .
A copy of the motion filed by counsel is attached hereto and incorporated herein as set forth in full and is marked Exhibit No. I.
On April 30, 2013, this court held a hearing on the request for a trustee process attachment. This court entered a FINDING AND ORDER FOR APPROVAL OF ATTACHMENT ON TRUSTEE PROCESS only as to Digital Federal Credit Union (Trustee) in the amount of $35,000.00 and only as to the defendant Ryan A. Wagner. A copy of the Findings of this court is attached hereto and incorporated herein as set forth in full and is marked Exhibit No. 2.
The caption on the original trustee summons read “Robin Sweeny plaintiffs) v. Ryan Wagner a/k/a Ryan A. Wagner, Defendant(s), Digital Federal Credit Union, Trustee(s).” The lower portion of the summons to trustee provided: “This attachment was approved on April 30, 2013 by John S. McCann, J. in the amount of $35,000.” A copy of the original trustee summons approved by the court is attached hereto and incorporated herein as set forth in full and is marked Exhibit No. 3.
At some point in time, unknown to the court, after the hearing on the short order of notice, counsel for *287 Sweeny handwrote three other banks onto the original summons to trustee.[4] He added Worcester Credit Union, Leominster Credit Union and Millbuiy Federal Credit Union. He did so without a motion seeking to do so, and -without prior court approval. A copy of the summons, as modified without prior court approval, is attached hereto and incorporated herein as set forth in full and is marked Exhibit No. 4.
The complaint was never amended to add the three remaining banks as trustees. No further application was made to the court to add the three new bank trustees. No motion, either ex parte or with notice, was filed with the court asking permission to add the three new banks as a trustee defendant.
The Digital Federal Credit Union, the only bank named on the court papers, was served with the trustee summons on May 2, 2013. The Worcester Credit Union, which was added by counsel without prior approval of the court, was served with the trustee summons on May 7, 2013 with the same summons which had been served on Digital Federal Credit Union. The Leominster Credit Union, which was added on the summons to trustee without prior approval of the court, was served on May 7, 2013 with the same summons which had been served on Digital Federal Credit Union. The Millbuiy Federal Credit Union, which was added by counsel, -without prior approval of the court, was served on May 7,2013 with the same summons served on Digital Federal Credit Union.
Plaintiff did not apply for separate summonses bearing the name of the approving justice and the date, nor did the court issue a separate summons as to each newly named and added bank trustee.
The actual summons served on the defendant Wagner had only the following party caption: “Robin Sweeny v. Ryan Wagner a/k/a Ryan A. Wagner.” It did not include the name of any of the trustee banks or the named parties in interest or any other notation indicating that there may be other parties, i.e., in this case a trustee bank and two other “parties in interest.” A copy of the summons issued to Wagner is attached hereto and incorporated herein as set forth in full and is marked Exhibit No. 5.
There was a sheriffs return of summonses to trustees made to the court on all four banks, the original named bank and the three added banks, all made on the same summons. All four banks filed an appropriate response to the court indicating that each respective banking institution possessed no funds. Copies of the answers of all three trustees are attached hereto and incorporated herein as set forth in full and are marked Exhibit No. 6, 7 and 8 respectively.
On May 13, 2013, the file papers were presented to this Justice from the clerk’s office with the question as to whether the plaintiff had the authority to add three new separate banking institutions without prior authority of the court. This court opined that the plaintiff did not have such authority and made the following entry on the answers filed by Leominster Credit Union and Millbury Federal Credit Union:
5/13/13 - Docket as correspondence. The addition by counsel of Worcester Credit Union, Leominster Credit Union and Millbury Federal Credit Union is an unauthorized abuse of process as not authorized by the court. The court sanctions counsel $500 payable to this court forthwith. Status report on 5/21/13 at 2:00 p.m. John S. McCann.[5]
On May 15, 2013, counsel for the plaintiff filed a Motion for Reconsideration of the court’s imposition of sanctions. That is the matter presently before this court and the subject matter of this Claim of Report.
Counsel for plaintiff relies on his Ex Parte Motion for trustee process and G.L.c. 246, §8 as grounds for his assertion that after the allowance of the initial motion for trustee process, it is neither required nor within the court’s discretion to disapprove the independent adding of three additional banking institutions by counsel.
The language in the Motion for Attachment by counsel has previously been set forth in the memorandum.
General Laws c. 246, §8 provides as follows:
The plaintiff may at any time insert the names of other trustees in the summons, and cause the summons to be served upon them; and after service upon a trustee, a plaintiff may cause the summons to be again served upon the same trustee in the manner and with the same effect as if he had not been previously served. A summons served upon a trustee after service upon the defendant shall be again served upon the defendant.
This court disagrees with the plaintiffs counsel’s assertion that after the allowance of the initial motion for trustee process, after a short order of notice, that it is neither required that the plaintiff reapply to the court to add additional banking institutions as trustees, nor is it within the court’s discretion to disapprove the independent adding of three additional banking institutions by plaintiffs counsel without prior court approval.
ISSUES PRESENTED
I. May counsel for a foreign judgment creditor on a domestic suit to enforce a foreign judgment, who applied for an ex parte attachment on a single named bank, that was then given a short order of notice, and after a hearing the trustee process was approved for the specifically named bank, then added to its original trustee summons three additional banks without prior court approval?
This court answers NO for the reasons hereinafter set forth.
II. Under the plain reading of G.L.c. 246, §8, after the allowance of a trustee process naming one trustee, is it neither required nor within the court’s discretion to disapprove the independent adding of three additional banking institutions by counsel for plaintiff?
This court answers NO for the reasons hereinafter set forth.
*288 III. In regard to pleadings, particularly the heading on a summons—where the plaintiffs complaint names a plaintiff, then the defendant, then a reach and apply defendant, then a singular trustee, and then two parties in interest, is it inappropriate to serve a summons on the defendant simply naming the plaintiff and defendant— without either naming all the parties in the caption of the summons or at least using the phrase “et al?”
This court answers YES for reasons set forth in this memorandum.
IV. Given the plain language of G.L.c. 246, §8, is the addition of three additional banking institutions as trustee defendants on the summons by counsel for the plaintiff, and the present status of case law, court rules, and reporter’s notes, is it appropriate for the court to assess sanctions as it did for counsel’a independently adding the additional banking institutions as trustees without court approval?
This court answers YES for the reasons set forth in this memorandum.
V. In regard to multiple named trustees, must a separate summons be prepared for each trustee, and court approval be obtained for each trustee?
This court answers YES for the reasons set forth in this memorandum.
VT. Is G.L.c. 246, §8 unconstitutional on its face?
This Court is not inclined to answer this question, but opines that it is best to defer that issue to the Court of Appeals if it chooses to accept this claim of report.
DISCUSSION
After a careful review of counsel’s Motion to Reconsider the imposition of sanctions, this court finds that counsel’s interpretation of G.L.c. 246, §8 is inconsistent with the Massachusetts Rules of Civil Procedure, constitutional principles, due process and common sense. As such, counsel’s Motion for Reconsideration of this court’s imposition of sanctions is Denied.
Chapter 246 of the Massachusetts General Laws governs trustee process. Section 8 expressly provides that a plaintiff may (1) insert the names of additional trustees into the trustee summons and (2) cause the summons to be served upon them. The statute is silent as to whether court approval is required for either action and there is no apparent relevant case law on the subj ect.
Rule 4.2 of the Massachusetts Rules of Civil Procedure outlines the procedure for effectuating an attachment by trustee process. See Mass.R.Civ.P. 4.2. It clearly requires notice to the debtor, a hearing and express court approval, except in extraordinaiy .circumstances.[6] See id. at 4.2(a), (c) and (g). The rule also contemplates notice, a hearing and express court approval for additional service on the original trustee. See id. at 4.2(1) (“Either before or after expiration of the applicable period prescribed in subdivision (c) of this rule for serving trustee process, the court may, subject to the provisions of subdivision (g) of this rule, order another or an additional service of the trustee summons upon the original trustee”).
The requirements of notice, a hearing and express court approval for both the original attachment by trustee process and additional service on the original trustee are consistent with the fact that Rule 4.2, as well as Rule 4.1 which governs attachment, were drafted to meet constitutional due process requirements. Mass.R.Civ.P. 4.2, Reporter’s Notes (“Rule 4.2, like Rule 4.1 has been drafted to meet constitutional requirements”). Much of c. 246, including §8, derives from statutes drafted in the 1700s and 1800s. See, e.g., St. 1798, c. 5, §2 (historical predecessor to G.L.c. 246, §8). In the late 1960s and early 1970s, the United States Supreme Court established that with respect to prejudgment remedies such as trustee process, due process requires notice to the debtor and an opportunity to be heard, except in extraordinary circumstances. See Fuentes v. Shevin, 407 U.S. 67 (1972); Sniadaeh v. Family Fin. Corp. oJBayview, 395 U.S. 337 (1969). In light of the Supreme Court’s determination, the Massachusetts procedure for trustee process was deemed to violate due process. Schneider v. Margossian, 349 F.Sup. 741, 745 (D.Mass. 1972) (“we find that the trustee process sections of the Massachusetts statutes are unconstitutional on their face, and we accordingly enjoin their further enforcement insofar as they deny defendants notice and hearing before prejudgment attachments by way of trustee process are made”). Thus, Mass.R.Civ.P. 4.2 was drafted so that the procedure for effectuating trustee process would comport with the new due process requirements as articulated by the Supreme Court. See Mass.R.Civ.P. 4.2, Reporter’s Notes.
Massachusetts Practice, Rules Practice, §4.2.1, further provides: “Each of these limitations [trustee process is available only in limited situations], it must be emphasized, stands apart from the constitutional requirement that court approval based on specifically prescribed findings precede any use at all of trustee process.” James W. Smith & Hiller B. Zobel, Rules Practice: Civil Rules 1-37 §4.2.1, at 96-97 (2d ed. & Sup. 2006).
It is therefore not logical that Rule 4.2, and G.L.c. 246, §8, would require notice, a hearing and express judicial approval for the original attachment by trustee process and additional service on the original trustee, but not for the insertion of additional trustees into the trustee summons.[7] The Reporter’s Notes to Rule 4.2 confirm this interpretation of the Rule. The Note states: “[r]ule 4.2(f) incorporates existing statutory law concerning plural service on the same trustee, G.L.c. 246, §8. Such service, lilce fresh service on additional trustees, G.L.c. 246, §8, requires appropriate court approved.” Mass.R.Civ.P. 4.2, Reporter’s Notes (emphasis added).
The guidelines set forth in Massachusetts Practice, Rules Practice, for Mass.RCiv.P. 4.2 are also consistent with this interpretation. Rules Practice §4.2.13 provides in pertinent part: “In pressing the motion for trustee process . .. the plaintiff must be prepared in addition to *289 establish . . . that the complaint itself, not merely the motion, bears the court’s authorization.” Smith & Zobel, Rules Practice §4.2.13, at 103. Rules Practice §4.2.15 provides in pertinent part: “If a plaintiff intends to serve more than one trustee, a separate summons should be prepared for each; after court approval service may proceed simultaneously. In any event, each summons must bear the name of the approving justice and the date of the approving order.” id. at §4.2.15, at 103-04.
Here, in the case of the latter three banks, no such approval was sought and no order was approved, and the original summons with the additional hand written names of the three new trustee banks, added without prior court approval, were served with the same summons.
Counsel’s contention that court approval is not required to insert additional trustees into the trustee summons would lead to absurd results. For example, a plaintiff could move for attachment by trustee process and name only one trustee bank (and perhaps a bank not known to have funds of the defendant). For this one trustee bank, the debtor would receive notice and a hearing, unless a court determined that the requirements for ex parte trustee process were met. But assume there was a short order of notice and a hearing, as in this case. Then, the plaintiff could walk out of the courtroom and insert an additional hundred trustee banks, without any further notice to the debtor or to the court.
However, if the plaintiff wanted to serve the lone originally named trustee a second time, under the rules (30-day requirement) court approval would be required. Where the Rules of Civil Procedure are clearly concerned with notice and a hearing, such a result could not have been intended by the Legislature in the statute or the drafters of the Rules.
Further, counsel’s interpretation of §8 raises due process concerns. As previously stated, due process in the context of trustee process requires that the debtor receive notice and an opportunity to be heard, except in extraordinary circumstances, before a prejudgment attachment is effectuated. See Schneider, 349 F.Sup. at 745; see also Digital Equip. Corp. v. Currie Enters., 142 F.R.D. 16, 26-27 (D.Mass. 1992). This court finds that judicial oversight is required to ensure that a debtor’s due process rights are preserved when the initial motion for attachment by trustee process is made, when additional service is made upon the original trustee and when additional trustees are inserted into the trustee summons. Without such oversight, a court cannot inspect the merits of the summons with respect to the specific trustee and assets in question or assess the current circumstances. There is absolutely no oversight by any Court in this case by simply adding three new Bank Trustees without notifying the Court.
Lastly, plaintiffs counsel cannot rely on his Ex Parte Motion for trustee process (converted to a short order of notice by this Court) to give him the authority to unilaterally insert additional trustees into the trustee summons. With respect to the motion, the court issued a short order of notice to issue and presumptive service was made on Wagner. The court’s issuance of a short order of notice should have alerted plaintiffs counsel to the fact that court approval was required before additional trustees could be added to the trustee summons. Further, the original Findings on Ex Parte Motion for trustee process, and the trustee summons only referred to Digital Federal Credit Union and included no indication that additional trustees would be named or inserted. The motion itself was entitled “Ex Parte Motion for Approval of Attachment or Trustee Process—Digital Federal Credit Union” and neither the caption nor the title referred to the addition of new trustees. This court finds that merely including a passing reference to G.L.c. 246, §8 in the text of the motion did not give plaintiffs counsel the authority to insert additional trustees without prior court approval. Nor do the rules and the reporter’s notes even remotely suggest that is the case.
A copy of the transcript of the hearing is attached hereto and incorporated herein as set forth in full and is marked Exhibit No. 9. It is attached for two reasons: (1) so that the Appeals Court can fully understand the reasoning of counsel for the plaintiff; and (2) because of counsel’s reference to the fact that he found out about this process because another lawyer used it against a former client of plaintiff’s counsel. If that is the case, then there is at least one more lawyer, and perhaps more, utilizing this process that has what this court determines to be either of constitutional dimensions and perhaps even unconstitutional and should be resolved in a claim of report to a higher court of appeals.
In regard to the party captions in this case, they have not been consistent with each pleading paper, nor with Mass.R.Civ.P. 10.
Rule 10 requires that a paper should carry the names of all the parties. Only the complaint need list all of the parties. That was done in this case, except as to the three added trustees. The complaint included the plaintiff, the defendant, the trustee [single] and the parties in interest. None of the remaining papers—the summons to the defendant Wagner, nor the trustee summons, complied with the rule. The summons to the defendant simply listed the plaintiff and the defendant, and did not mention any other party or utilize the language “et al.” as required by Rule 10. Same on the trustee summons.
Trustees are also parties to an action inasmuch as if they do not file an answer they are subject to being charged as a trustee for failure to respond.
This Court opines that counsel for plaintiff should have filed a motion to add the three new trustee banks to the complaint, filed an amended complaint adding the three new trustees and then sought prior approval of trustee process on the three new institutions—either with notice, or by ex parte motion, perhaps with a short order of notice if the court thought appropriate, as was done originally in this case. Constitutionally, except in *290 rare circumstances, the defendant is entitled to a hearing on the issue before the court, and here he was not given notice at all in regard to the three added banking institutions. This flies in the face of all of the constitutional issues elaborated in the Sniadach, Fuentes and Schneider cases. The fact that all of the banks, the originally named bank trustee, and then the three newly added bank trustees, all filed answers indicating no funds does not leave the issue moot, as it is the practice which is brought into question, and not the result.
ORDER
The plaintiffs Motion for Reconsideration is DENIED.
The court ratifies and confirms the sanctions of $500 levied on the Leominster Credit Union trustee summons; $500 levied on the Millbury Federal Credit Union trustee summons and further assesses sanctions of $500 on the Worcester Credit Union trustee summons, a total of One Thousand Five Hundred ($1,500) Dollars, all to be paid forthwith.
All further action on the issue of sanctions is stayed pending further action, if any, of the Appeals Court or any other Appellate Court on this court’s Claim of Report.[8]

Answers were filed by defendant Ryan Wagner a/k/a Ryan A. Wagner, party in interest Jessica M. Bialoglowy and party in interest Carrie S. Bialoglowy on June 7, 2013 after the events reported in these findings.

An explanation of the three non-court approved bank Trustees will be set forth in the factual background.

Nhere was also an Ex Parte Motion for approval of real estate attachment which is not of consequence for these findings.

At the hearing on the Motion to Reconsider counsel suggested the date of insertion was probably May 5th or 6th, 2013.

hat entry was made on the answers of Leominster Credit Union and Millbury Federal Credit Union, but not as to Worcester Credit Union because the paperwork of Worcester Credit Union had not yet caught up to the file in the court filing system, but has since been filed and is now part of the record.

The requirements for obtaining ex parte trustee process are laid out in Mass.R.Civ.P. 4.2(g).

As stated earlier, G.L.c. 246, §8 is silent as to whether court approval is required for either additional service on the original trustee or the insertion of additional trustees. Therefore, the plain language of §8 cannot be used to argue that court approval is required for additional service on die original trustee but not on the insertion of additional trustees; or that the Legislature intended court approval in one instance but not the other.

A copy of the Court Docket is attached hereto and incorporated herein as though set forth in full and is marked Exhibit 10 and included for the convenience of any reviewing court.